DIANA GRIBBON MOTZ, Circuit
Judge, concurring in part and concurring in the judgment:
I concur in parts I, III, and IV of the majority opinion for the reasons well stated therein. I concur in the result reached in part II of the majority opinion, but not in its rationale.
Although I agree that the district court erred in granting summary judgment to Septodont on the question of whether Dr. Kilday was a joint inventor, unlike the majority, I do not believe that the evidence conclusively establishes that Dr. Kilday’s contributions “do not make him a joint inventor,” ante at 67, and, therefore, that Dr. Kilday “is not a joint inventor of the mouth rinse.” Ante at 75. As the majority recognizes, the question “is a close one.” Ante at 71. Nonetheless, or perhaps because of this narrow margin, I would hold only that Septodont failed to establish by clear and convincing evidence, as it must, that Dr. Kilday was, indeed, a joint inventor of the '657 patent. See Hess v. Advanced Cardiovascular Sys., Inc., 106 F.3d 976, 980 (Fed.Cir.1997) (stating that “[t]he burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence” (internal quotation marks and citation omitted)). The high “clear and convincing” standard must be met to rebut the presumption that a patent’s named inventors “are the true and only inventors.” (Acromed Corp. v. Sofamor Danek Group, Inc., 253 F.3d 1371, 1379 (Fed.Cir. 2001) (citations omitted)). To date, Septodont has failed to meet this demanding standard. For this reason, I agree that we must reverse the grant of summary judgment to Septodont on the breach of contract claim.